**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE ALBERTO VARGAS PEREZ and MARTHA YOLANDA VARGAS, | No. 09-70167 |
| Petitioners, | Agency Nos. A095-444-293<br>A073-956-274 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 14, 2010[**]

Before: GOODWIN, WALLACE, and W. FLETCHER, Circuit Judges.

Jose Alberto Vargas Perez and Martha Yolanda Vargas, husband and wife

and natives and citizens of Mexico, petition pro se for review of the Board of

Immigration Appeals' ("BIA") order dismissing their appeal from an immigration

judge's ("IJ") removal order. We have jurisdiction under 8 U.S.C. §1252. We

_____

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

review for substantial evidence the agency's continuous physical presence determination, *Landin-Zavala v. Gonzales*, 488 F.3d 1150, 1151 (9th Cir. 2007), and review de novo claims of due process violations in immigration proceedings, *Ram v. INS*, 243 F.3d 510, 516 (9th Cir. 2001). We deny the petition for review.

The agency properly concluded that because the female petitioner was the subject of an expedited removal order that interrupted her continuous physical presence she was statutorily ineligible for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1)(A); *Juarez-Ramos v. Gonzales*, 485 F.3d 509, 512 (9th Cir. 2007) (an expedited removal order interrupts an alien's continuous physical presence for cancellation purposes).

The BIA properly refused to consider the hardship evidence petitioners submitted for the first time on appeal. *See* 8 C.F.R. 1003.1(d)(3)(iv). Petitioners' claim that the BIA's failure to consider this evidence violated due process therefore fails. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000) (requiring error to prevail on due process claim).

Petitioners' claim that the IJ violated due process by denying their request for a continuance is unavailing because they have not demonstrated that the

outcome of the proceedings may have been affected by the denial. *See Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620 (9th Cir. 2006).

To the extent petitioners contend that the BIA failed to consider some or all of the evidence they submitted with their motion, they have not overcome the presumption that the BIA did review the record. *See Franco-Rosendo v. Gonzales*, 454 F.3d 965, 966 (9th Cir. 2006).

**PETITION FOR REVIEW DENIED.**